

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-3-2009

# USA v. Williams

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4263

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Williams" (2009). *2009 Decisions.* Paper 1590.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1590

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-4263

_____

UNITED STATES OF AMERICA

v.

DAVID WILLIAMS,
a/k/a JIM
a/k/a DAVID BONDOSINGH
a/k/a FEDERICO RANDES


DAVID WILLIAMS,

Appellant

On Appeal From the United States District Court
for the Eastern District of Pennsylvania
(No. 06-cr-00128)
District Judge: Honorable Berle M. Schiller
Submitted Under Third Circuit LAR 34.1(a)
March 13, 2009

Before: FUENTES, CHAGARES, and TASHIMA[*], <u>Circuit Judges</u>


(Filed: April 3, 2009)

OPINION OF THE COURT

---

[*]The Honorable A. Wallace Tashima, Senior Circuit Judge, United States Court of
Appeals for the Ninth Circuit, sitting by designation.

CHAGARES, Circuit Judge.

This is a sentencing appeal. Defendant David Williams contends that the District Court erred when it utilized the statutory mandatory minimum term of imprisonment as the starting point in its sentencing analysis because the mandatory minimum should not have been considered insofar as Williams was eligible for the "safety valve" set forth in 18 U.S.C. § 3553(f) and United States Sentencing Guideline § 5C1.2. The Government agrees that the District Court so erred.[2] We will vacate and remand for resentencing.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's sentence for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007).

Williams pled guilty to conspiracy to distribute one kilogram or more of phencyclidine in violation of 21 U.S.C. § 846; possession of one kilogram or more of phencyclidine with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); and unlawful use of a communication facility in the commission of a drug felony in violation of 21 U.S.C. § 843(b). He faced a mandatory minimum sentence of 240 months under 21 U.S.C. § 841(b)(1)(A).

The parties now agree, however, that Williams was eligible for the safety valve provision. If a defendant is eligible for the safety valve provision, then the court must

_____

[2]It is clear from the record that neither party raised the safety value issue to the District Court during the sentencing hearing or in the their respective sentencing memoranda. The Court notes that the Government forthrightly admitted its error.

2

impose a sentence without regard to any otherwise applicable mandatory minimum sentence. 18 U.S.C. § 3553(f).

We will vacate Williams' sentence and remand for resentencing. On remand, the District Court shall, in the first instance, consider whether Williams was eligible for the safety valve and shall impose an appropriate sentence.